

**S**CHENCK
**P**RICE
**S**MITH &
**K**ING, LLP
ATTORNEYS AT LAW

~ Founded 1912 ~

Celebrating 100 Years
1912-2012

JOHN M. BOWENS
Certified by the Supreme
Court of New Jersey
Civil Trial Attorney
Admitted in NJ and CA
Direct Line: (973) 540-7357
Email: jmb@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932-0991
Telephone: 973-539-1000
Fax: 973-540-7300

www.spsk.com

December 12, 2012

Honorable Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Federal Courthouse, Room 7050
492 E. State Street
Trenton, New Jersey 08608

Re:   **Bayliss v New Jersey State Police,** *et al.*
      **Docket No.: 11-cv-0890**
      **Our File No.: 24090-20**

Dear Judge Goodman:

We represent the New Jersey State Police ("NJSP") in connection with the captioned litigation. Pursuant to your Honor's instructions at the recent telephonic case management conference, kindly accept this correspondence as our response to Mr. Sciarra's letter regarding the proposed interview of his client by the NJSP.

We represent the NJSP with respect to this matter, exclusively. We have neither input to, nor involvement with, any internal affairs ("IA") investigations. We were unaware of any decision to interview Trooper Wambold ("Wambold") until Mr. Sciarra wrote to us claiming that we were attempting to interview his client without him present.

We have since learned that Wambold's interview was sought in connection with an IA investigation into the dissemination of privileged and confidential records of the NJSP, in violation of its rules and regulations. Such interviews of law enforcement personnel are governed by guidelines issued by the Attorney General of New Jersey and internal regulations of the NJSP.



SCHENCK
PRICE
SMITH &
KING, LLP
ATTORNEYS AT LAW
– Founded 1912 –

Honorable Lois H. Goodman, U.S.M.J.
December 12, 2012
Page 2

    Given Mr. Sciarra's experience in these matters, he was well aware of these facts and that Wambold had administrative remedies available if he felt that his client's rights were being jeopardized. Instead, he chose to bring it before this Court. However, the only issue before Your Honor is the return of the misappropriated NJSP documents. To the extent that the NJSP intends to pursue alleged violations of its rules and regulations by its employees, there are State administrative rules which it must follow and there are administrative remedies available to anyone who feels their rights or interests have been impinged.

    In addition, while Mr. Sciarra recently claimed before this Court that his client was being denied the right to counsel in the administrative investigation, his claim is not entirely accurate. During an interview, Wambold is entitled to have a representative present with him; generally, that can be an attorney. Mr. Sciarra, however, was to be excluded in this particular case because he was viewed as a witness in the IA. In any event, the matter has been obviated by the NJSP's agreement, to hold the interview in abeyance until resolution of the issue concerning the documents by this Court. Should the Court require any additional information on this issue, please advise us.

    Finally, we appreciate the Court's courtesies in adjourning the telephone case management conference because of the undersigned's week-long bout of the flu. As we originally discussed with the Court, we intend to move to dismiss the third amended complaint and oppose Wambold's motion for leave to file an amended pleading. We also are supplementing our motion for the return of the State Police documents. In view of the recent delay and the oncoming holidays, we request that the Court consider revising the motion schedule so that comprehensive briefing may be presented to the Court.

    Respectfully yours,
    SCHENCK, PRICE, SMITH & KING, LLP

    John M. Bowens

JMB/mor
cc:    All Counsel Via ECF

{01275947.DOCX;1}