**SCHENCK**
**PRICE**
**SMITH &**
**KING, LLP**
ATTORNEYS AT LAW
~ Founded 1912 ~

Celebrating 100 Years
1912-2012

JOHN M. BOWENS
Certified by the Supreme
Court of New Jersey
Civil Trial Attorney
Admitted in NJ and CA
Direct Line: (973) 540-7357
Email: jmb@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932-0991
Telephone: 973-539-1000
Fax: 973-540-7300

www.spsk.com

February 11, 2013

**Via ECF**

Honorable Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Federal Courthouse, Room 7050
492 E. State Street
Trenton, New Jersey 08608

Re:  **Bayliss v New Jersey State Police, *et al.***
     **Docket No.: 11-cv-0890**
     **Our File No.: 24090-20**

Dear Judge Goodman:

We have received Mr. Sciarra's letter to your Honor dated February 8, 2011. This Court directed that Charles Sciarra, Esq, the attorney for the defendant Richard Wambold, was not to disseminate for any purpose the New Jersey State Police internal Review Sheets until the Court determined whether the Review Sheets were privileged. This office, as counsel for the New Jersey State Police, has unequivocally informed Mr. Sciarra that the Review Sheets are privileged and that Mr. Sciarra obtained the Review Sheets as the result of an inadvertent disclosure. Once Mr. Sciarra was informed of the privileged nature of the Review Sheets, Mr. Sciarra was obligated, under the provisions of Fed. R. Civ. Pro. 26(b)(5)(B), to refrain from using or disclosing the information in the Review Sheets until the claim of privilege was resolved. Hence, even in the absence of a specific directive from this Court, Mr. Sciarra should not have used the Review Sheets for any purpose.

Mr. Sciarra has violated both this Court's directive and the requirements of Fed. R. Civ. P. 26(b)(5)(B). He included the Review Sheets and information from the Review Sheets in a brief and appendix that he publicly filed with the New Jersey Appellate Division.

On November 16, 2012, we filed a motion for emergent relief with the Court seeking to have Plaintiff's amended complaint placed under seal because of its references to confidential New Jersey State Police documents. Your Honor convened a conference with all the parties, at which time the Court sealed the amended complaint pending a decision on the merits. The Court further ordered the case to mediation. On December 17, 2012, we wrote to the Court confirming our understanding that the Court had ordered that the status quo be maintained with respect to the documents, pending the mediation and motion for their return. Mr. Sciarra at no time took issue with our understanding that the Court's order sealing the amended complaint extended to any dissemination of the documents.

{01289400.DOCX;1}


SCHENCK
PRICE
SMITH &
KING, LLP
ATTORNEYS AT LAW
~ Founded 1912 ~

Honorable Lois H. Goodman, U.S.M.J.
February 11, 2013
Page 2

Indeed, he confirmed his agreement with our position in his brief in support of his motion to amend his answer. At page 7, footnote 2 of that document, Mr. Sciarra stated:

> Pursuant to the parties' conference call with the Court on November 19, 2012, the undersigned is merely referring to and not quoting verbatim the documents which were not marked as confidential but are being challenged by the State as confidential. Further, during this conference call, defense counsel on behalf of the State represented that his client will not be moving to dismiss Wambold's pleading for failure to state a claim upon which relief can be granted due to Wambold's failure to cite to these documents at length in the amended pleading.

In any event, we previously pointed Mr. Sciarra to <u>Fed. R. Civ. P.</u> 26(b)(5)(B), which provides:

> [i]f information produced in discovery is subject to a claim of privilege ..., the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; <u>must not use or disclose the information until the claim is resolved</u>; must take reasonable steps to retrieve the information if the party disclosed it before being notified.

(Emphasis added.)

Mr. Sciarra seems to believe that the directives of this Court and of the Federal Rules are irrelevant to his use of the Review Sheets in the New Jersey Appellate Division. Mr. Sciarra is simply wrong. The rule in no way limits its scope to the federal action in which a document is inadvertently produced. Rather it provides a blanket prohibition on the dissemination of such documents, in any venue.

Mr. Sciarra further seeks to justify his improper use of the Review Sheets by demanding that the State somehow has an obligation to continuously reaffirm that the documents are privileged. On January 18, 2013, Mr. Sciarra's office sent a letter to Deputy Attorney General Susan Scott, the Deputy Attorney General representing the State in the Appellate Division action, stating Mr. Sciarra's office would include the Review Sheets in the appendix to the New Jersey Appellate Division unless the State objected to the inclusion of the documents. The letter demanded that the State raise any objection to the use of the Review Sheets by 10:00 A.M. Monday morning, January 21, 2013. Although that letter purports to have been faxed to Ms. Scott, she did not receive it until several days after Mr. Sciarra's deadline for objections had passed. Mr. Sciarra's letter, however, did not provide him license to circumvent the directives of this Court and of <u>Fed. R. Civ. P.</u> 26(b)(5)(B). Once the State asserted that the Review Sheets were privileged, Mr. Sciarra was obligated to preserve the confidentiality of the documents, without the need for the State to repeatedly confirm for Mr. Sciarra that the State indeed considered the Review Sheets to be privileged.

{01289400.DOCX;1 }


SCHENCK
PRICE
SMITH &
KING, LLP
ATTORNEYS AT LAW
~ Founded 1912 ~

Honorable Lois H. Goodman, U.S.M.J.
February 11, 2013
Page 3

Over seventy-five years ago in a somewhat different context but with words clearly pertinent to the conduct here, the Supreme Court observed that "while [an adversary] may strike hard blows, he is not at liberty to strike foul ones." <u>Berger v. United States</u>, 295 U.S. 78, 88 (1935). Mr. Sciarra's misuse of the Review Sheets is precisely the type of errant conduct that runs afoul of the rules.

Accordingly, we request that the Court order Mr. Sciarra to withdraw his brief and appendix from before the New Jersey Appellate Division and impose whatever additional sanctions the Court deems appropriate. We appreciate the Court's courtesies.

Respectfully yours,
SCHENCK, PRICE, SMITH & KING, LLP

John M. Bowens

JMB/mor
cc:   All Counsel - Via ECF

{01289400.DOCX;1 }