Law Offices

# SCIARRA & CATRAMBONE, L.L.C.

A Limited Liability Company
1130 Clifton Avenue - Suite #3

Charles J. Sciarra*
Jeffrey D. Catrambone*
Matthew R. Curran

Of Counsel
Cathie Perselay Seidman*
Alan Serrins **
Deborah Masker Edwards*
*Admitted NJ & NY Bars
**Admitted NY Bar

Clifton, New Jersey 07013
Tel: 973-242-2442
Fax: 973-242-3118
www.sciarralaw.com

New York Office
The Woolworth Building
233 Broadway 18th Floor
212-406-1700

March 11, 2013

***Via ECF Filing***

Vincent J. Rizzo, Jr., DAG
Office of the Attorney General
25 Market Street
PO Box 112
Trenton, New Jersey 08625-0112

> **Re:    Bayliss v. New Jersey State Police, *et al.*
> Civil Action No. 11-cv-0890**
>
> **State Troopers Fraternal Association of N.J., Inc. v.
> State of New Jersey, *et al*.
> Civil Action No. 13-cv-1065**

Dear Deputy Attorney General Rizzo:

As you are aware, the undersigned represents Sergeant Richard Wambold in the matter *Bayliss v. New Jersey State Police, et al.*, Civil Action No. 11-cv-0890. I have reviewed a correspondence you drafted and e-filed on March 7, 2013 in the matter *STFA v. State of New Jersey, et al.*, Civil Action No. 13-cv-1065. In that correspondence, you indicate your representation of the State of New Jersey and the Superintendent of the State Police, Colonel Joseph Fuentes. You further indicated that the State Police conducted their Internal Affairs investigation of STFA President Christopher Burgos on February 26, 2013.

Based upon a review of your March 7th correspondence and the Verified Complaint in the *STFA* matter, it is apparent that you have taken a position on behalf of the State Police contrary to your former client, Sergeant Wambold, as you are prosecuting an action against President Burgos because Burgos acted in assistance of Wambold by forwarding certain reports.

I note that this conduct implicates RPC 1.9(a) which provides, "[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." Further, RPC 1.9c(1) and (2) prohibits an attorney from using information relating to the representation to the disadvantage of the former client or in general revealing information relating to the former representation.

Bayliss v. New Jersey State Police, et al.
STFA v. State of New Jersey, et al.
Letter to DAG Rizzo
March 11, 2013                      Page 2 of 2

_____

        By way of this correspondence, you are once again placed on notice of the ethical and legal implications of this course of conduct.[1]  You are directed to cease and desist your prosecution of the Internal Affairs matter against President Burgos and your defense of the State in the *STFA* litigation based upon your prior representation of Sergeant Wambold.  If within the next three days you do not withdraw from your involvement in the *STFA* lawsuit and the prosecution of disciplinary charges against President Burgos, I will be forced to move to disqualify you from the *STFA* litigation.

        Please be guided accordingly.

                                        Very truly yours,
                                        **Sciarra & Catrambone, L.L.C.**

                        By:     *Charles J. Sciarra /s/*
                                        Charles J. Sciarra (CS 4519)

CJS/mrc
cc:     Honorable Lois H. Goodman, USMJ (*Via ECF Filing*)
        Honorable Peter G. Sheridan, USDJ (*Via ECF Filing*)
        Michael A. Bukosky, Esq. (*Via ECF Filing*)
        Robert B. Woodruff, Esq. (*Via ECF Filing*)
        John M. Bowens, Esq. (*Via ECF Filing*)
        Linda G. Harvey, Esq. (*Via ECF Filing*)
        Client

_____

[1] I note that on June 14, 2012 the undersigned initially wrote to you and placed you on notice of the ethical and legal implications arising out of this matter.  Thereafter, in a correspondence dated July 6, 2013, the Attorney General's Office made a finding that there was in fact a conflict of interest.