

# SCHENCK PRICE SMITH & KING, LLP
ATTORNEYS AT LAW

~ Founded 1912 ~

Celebrating 100 Years
1912-2012

**JOHN M. BOWENS**
Certified by the Supreme
Court of New Jersey
Civil Trial Attorney
Admitted in NJ and CA
Direct Line: (973) 540-7357
Email: jmb@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932-0991
Telephone: 973-539-1000
Fax: 973-540-7300

www.spsk.com

April 8, 2013

<u>Via ECF</u>

Honorable Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Federal Courthouse, Room 7050
492 E. State Street
Trenton, New Jersey 08608

    Re:    **Bayliss v New Jersey State Police**, *et al.*
             **Docket No.: 11-cv-0890**
             **Our File No.: 24090-20**

Dear Judge Goodman:

    We represent the New Jersey State Police ("NJSP") in connection with the captioned matter. Kindly accept this correspondence in lieu of a formal brief in reply to the Defendant Wambold's ("Wambold") opposition to our motion for the return of NJSP documents.

    Rather than a discussion of pertinent case law, Wambold's opposition rests upon a variety of faulty premises and the mischaracterization of pertinent facts. Initially, he claims that the documents should have been produced to him as part of the file transferred by the Attorney General after he ceased his representation of him. Since the documents were confidential records of the NJSP, which were not designed to be shared with and other governmental unit, they never were part of the file maintained in the representation of Wambold. The history of how the documents came into his possession demonstrates that they were intended, from the outset, to remain as confidential records of the NJSP and they were only disseminated through an inadvertent disclosure.

    Similarly, Wambold's recitation of the reasons why the deliberative process privilege should be breached simply ignores the facts. Although he asserts that the evidence is "highly relevant" (Wambold br. at pg. 10), he fails to address their lack of evidentiary substance. Instead, he discusses his view as to why the State should be providing him a defense. As set forth in our initial brief, the "review sheets" as the title suggests, comprise a review of the underlying investigative report by senior NJSP personnel who share their impressions of the sufficiency and conclusions in that report. They do no investigation or in any way add to



**SCHENCK**
**PRICE**
**SMITH &**
**KING, LLP**
ATTORNEYS AT LAW
~ Founded 1912 ~

Honorable Lois H. Goodman, U.S.M.J.
April 8, 2013
Page 2

the facts presented in the report. They comprise only the opinions of supervisory personnel and consequently, have no evidentiary value.

With respect to the availability of other evidence, Wambold again misses the substance of this consideration and mischaracterizes the nature of this case. He asserts that he "... is not presently privy to any other evidence regarding the State's internal determination to provide him with legal representation." (Wambold br. at pg. 12). The review sheets are not "evidence" of anything. Whether he is entitled to a defense and indemnity is a matter before the New Jersey Appellate Division which will decide the matter based upon New Jersey law, and not the opinions of supervisors in the NJSP. With the concession from the Plaintiff that he has no cause of action against the NJSP, the governmental involvement in this matter is non-existent. Even if the NJSP or the State were parties, the review sheets are not a link in any conceivable chain of evidence.

Wambold next asks the Court to suspend belief and accept his representation that making the review sheets discoverable will in no way hinder frank discussions among NJSP supervisory personnel. From the time it was first articulated, recognition of the chilling effect of public scrutiny on internal discussions has remained a pivotal consideration in applying the deliberative process privilege. It is particularly acute within the framework of the NJSP. Supervisors are called upon to evaluate punishment of fellow troopers, some of whom they may have supervised or otherwise been associated with in their carriers. It is naïve, at best, to believe public dissemination of their opinions would not impact upon their candor.

Finally, Wambold asserts that the NJSP has waived the privilege by virtue of its conduct in other matters. He attaches a variety of documents produced in other NJSP disciplinary cases as corroboration of this claim. Unfortunately, none of those documents are "review sheets." For the most part, they are internal affairs investigative reports similar to the one produced to him in this case. Along with those documents are copies of letters from the Major in charge of the Office of Professional Standards to the Superintendent of the NJSP transmitting copies of reports. Even a cursory comparison of the Wambold documents to the review sheets shows that they are completely different in form and substance.

The NJSP has established that the review sheets are appropriately protected by the deliberative process privilege. Accordingly, all parties should be ordered to return the review sheets and any copies of them and be barred from any other use of them, in any forum.

> Respectfully yours,
> SCHENCK, PRICE, SMITH & KING, LLP
>
> John M. Bowens

JMB/mor
cc:   All Counsel - Via ECF